UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTCT OF MICHIGAN
SOUTHERN DIVISION

TAFT R. LEWIS,

        Plaintiff,        Civil Action No.: 14-13146
                                   Honorable Matthew F. Leitman
v.                               Magistrate Judge Elizabeth A. Stafford

HON. MARGIE BRAXTON, *et. al.*

        Defendants.
_____/


**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTIONS TO DISMISS [R. 16, R. 37, & R. 52] FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**I.    INTRODUCTION**

Plaintiff Taft R. Lewis, *pro se*, brings this suit pursuant to 42 U.S.C. § 1983 against the City of Romulus, the Romulus Police Department, Corporal Hussein Farhat, Officer Tommy Westhoff, the 34th District Court of Michigan, the Third Circuit Court of Michigan, Attorney Mack L. Carpenter, Carpenter Law, Wayne County Assistant Prosecutor Teresa Smith and Judge Margie Braxton. Lewis alleges in his amended complaint that Defendants violated his Fourth Amendment right against unreasonable search and seizure, his Fifth Amendment right to due process and his Sixth Amendment right to appeal. [R. 11, PgID 56-60]. He additionally claims

"Emotional Distress / Tort of Outrage," and he seeks damages in excess of $250,000 from each defendant. [*Id.* at PgID 60-62].

With the exception of Defendant Teresa Smith, who has not been served, Defendants have all moved to dismiss Lewis's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [R. 16; R. 37; R. 52]. Because Lewis's claims are barred by the statute of limitations[1], the Court **RECOMMENDS** that each motion to dismiss be **GRANTED**.

## II.  BACKGROUND

Lewis claims that he was stopped while driving 73 miles-per-hour ("mph") in a 70 mph zone, and falsely (and by forgery) ticketed for driving 85 mph. [R. 11, PgID 49-51]. Farhat allegedly told Lewis that he had an outstanding warrant, which was not true, and his car was impounded and searched. [*Id.* at 49]. Lewis states that officers falsely claimed to find a firearm and methamphetamines during the search, for which he was charged, and that Defendant Farhat subsequently reported finding only $431 on Lewis despite actually seizing $4,802. [*Id.* at PgID 50-51].

---

[1] Since the Court is recommending dismissal based upon the statute of limitations, it will not address Defendants' other meritorious defenses, e.g., Judge Braxton's claim that she enjoys absolute immunity, and the arguments that the courts and police department are not cognizable parties under Section 1983. [R. 16, PgID 100, 102-05; R. 37, PgID 229-30].

2

After a preliminary examination in which officers allegedly lied and testified by hearsay, Lewis was bound over. [*Id.* at PgID 51-52]. He later accepted a plea deal, purportedly to avoid facing a two-year minimum sentence on the gun charge, and was sentenced to pay $1500 in fines and fees and to serve three years of probation (with nine months being served on a tether). [*Id.* at PgID 52-53]. According to Lewis, neither his attorney (Carpenter) nor Judge Braxton advised him of his right to appeal. [*Id.* at PgID 52-53]. Despite claiming to have been constantly seeking legal advice since his probation began in 2007, Lewis did not file the instant action until August 14, 2014. [*Id.* at PgID 53; R. 1].

### III.   ANALYSIS

Defendants move to dismiss pursuant to Rule 12(b)(6), claiming that Lewis has failed to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Central to each motion to dismiss here is the argument that Lewis's Section 1983 claims are barred by the statute of limitations. [R. 16, PgID 100-02; R. 37, PgID 230-32; R. 52-1, PgID 343-44]. A complaint is subject to dismissal for failure to state a

3

claim if it is barred by the statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Since this action arose in Michigan, the applicable statute of limitations for both the Section 1983 and emotional distress claims is three years. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005); Mich. Comp. Laws § 600.5805(10). The limitations period begins to run when the plaintiff knew or should have known of the injuries that form the bases of the claims. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). Usually, "a claim for wrongful arrest under § 1983 accrues at the time of the arrest . . . ." *Id.* See also *Wallace v. Kato*, 549 U.S. 384, 388, (2007) ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date.").

Here, Lewis's claims accrued at the time of his July 21, 2007 arrest or within the days thereafter. [R. 11, PgID 48]. From his complaint, it is clear beyond peradventure that Lewis was cognizant of the injuries he alleges with respect to his arrest and prosecution as they were occurring. Since Lewis knew of his injuries in July 2007, the statute of limitations pertaining to his Fourth Amendment, Fifth Amendment and emotional distress claims

4

were time barred by about July 2010, four years before his August 2014 complaint.

Lewis's claim under the Sixth Amendment likewise has been filed too late. Although he alleges in his amended complaint that he was not advised of his right to appeal, he simultaneously acknowledges that he was actively seeking an attorney for representation. [*Id.* at PgID 53]. Thus, Lewis did not rely exclusively on Defendants to ascertain his legal rights and, with reasonable diligence, he should have learned of his right to appeal on his own shortly after his sentencing. *See McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 865 (5th Cir. 1993) (plaintiff could have learned of right to appeal with simple question).

In an attempt to avoid the statute of limitations' bar, Lewis details his fruitless efforts to obtain legal assistance until July 2013.[2] However, it is immaterial when Lewis discovered that his injuries may support causes of action; the relevant inquiry is when he discovered the injuries themselves. *See United States v. Kubrick*, 444 U.S. 111, 124 (1979). "To hold otherwise could vitiate the statute of limitations by allowing a plaintiff to plead a stale case merely because he did not see 'the right lawyer' at the

---

[2] Lewis does acknowledge being told by "several attorneys" in 2007 that he had a case for "document forgery" pertaining to the allegedly doctored speeding ticket. [R. 11, PgID 52].

5

appropriate time . . . ." *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir. 1986).

Nor is Lewis entitled to equitable tolling. While common-law equitable tolling was previously allowed under Michigan law with a showing that the plaintiff exercised due diligence, it appears that Michigan now allows equitable tolling only when provided by statute. *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11-CV-14502, 2012 WL 5828623, at *8 n. 4 (E.D. Mich. July 6, 2012). For example, if a person fraudulently conceals from the injured party the existence of a claim or knowledgeable witness, the claim may be equitably tolled by statute for two years after the discovery by injured party of the claim or person. Mich. Comp. Laws § 600.5855.

Here, Lewis does not complain that any of the Defendants fraudulently concealed the existence of his right to appeal, and it is hard to imagine how they could have concealed such a routine criminal procedural right. To the extent that Lewis is claiming that he was ignorant of his right to appeal due to Defendants' failure to properly advise him, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). *See also Levett v. Chesapeake & Ohio Ry. Co.,* 671 F. Supp. 1137, 1139 n.1 (E.D.

6

Mich. 1987) (ignorance of the law no basis for equitable tolling statute of limitation where plaintiff's right to recourse was not actively concealed).

For these reasons, Lewis's claims are barred by the statute of limitations.

IV. **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS GRANTING** the motions to dismiss**.** [R. 16; R. 37; R. 52].

Dated: July 13, 2015  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991*); United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of*

7

*HH*S, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be** labeled as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2015.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager