UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TAFT R. LEWIS,
        Plaintiff,        Civil Action No.: 14-13146
                                        Honorable Matthew F. Leitman
v.                                        Magistrate Judge Elizabeth A. Stafford

HON. MARGIE BRAXTON, *et. al.*

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATIONS FOR DEFAULT JUDGMENT [R. 61, 62, 63, 64]

Plaintiff Taft Lewis, proceeding *pro se*, brings this action against Defendants pursuant to 42 U.S.C. §1983. Summonses were issued and certificates of service were filed for all but two defendants, showing service by certified mail on August 18, 2014, making the served defendants' responsive pleadings due on or before September 11, 2014. [R. 20-27]; Fed. R. Civ. P. 6(d);12(a)(1)(A)(i). The served defendants all filed responsive pleadings and/or dispositive motions, albeit not all within the proscribed time frame. [R. 14, 16, 28, 30, 31, 34, 36, 37, 52].

Well after Tommy Westhoff, Hussien Farhat, Mack Carpenter and Carpenter Law filed their responsive pleadings, Lewis moved for a Clerk's Entry of Default against them due to their untimely responsive filings. [R.

38, 39, 54, 55]. The requests were denied. [R. 40, 41, 54, 55]. Lewis now moves for an entry of default judgment on the same grounds. [R. 61, 62, 63, 64]. Those motions should be denied as well.

Rule 55 permits entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). While a former version of this Rule required the party to plead or defend "as provided by these rules," that clause was omitted in 2007 to make clear that a default should not be entered when a party has done "something showing an intent to defend, but that act was not specifically described by the rules." Fed. R. Civ. P. 55 Advisory Committee Notes to the 2007 Amendments. Westhoff, Farhat, Mack Carpenter and Carpenter Law have showed intent to defend by filing answers and motions to dismiss, so the untimely nature of those actions alone is insufficient to permit default to be entered against them.

Since default would be improper against these defendants, so would be default judgment. *See Lewis v. Parker*, 2014 U.S. Dist. LEXIS 105442, at *4-5, 2014 WL 3735244 (E.D. Mich. June 24, 2014) (collecting cases) *adopted by* 2014 U.S. Dist. LEXIS 102982, 2014 WL 3735247 (E.D. Mich. July 29, 2014).

For these reasons, the Court **RECOMMENDS** that Lewis's requests for default judgment against defendants Westhoff, Farhat, Mack Carpenter and Carpenter Law **[R. 61, 62, 63, 64]** be **DENIED**.

Dated: July 13, 2015  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be** labeled as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
