UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TAFT R. LEWIS,

        Plaintiff,        Civil Action No.: 14-13146
                                    Honorable Matthew F. Leitman
v.                                      Magistrate Judge Elizabeth A. Stafford

HON. MARGIE BRAXTON, *et. al.*

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT TERESA SMITH FOR FAILURE TO SERVE

Plaintiff Taft Lewis, proceeding *pro se*, brings this action against Defendants pursuant to 42 U.S.C. §1983. The complaint was filed and summonses were issued on August 14, 2014. More than 120 days has elapsed since the complaint was filed and there has been no proof of service for defendant Teresa Smith.

Federal Rule of Civil Procedure 4(m) provides that if a defendant has not been served within 120 days of the filing of the complaint, the Court must dismiss the action without prejudice upon notice to the plaintiff, or order that service be made within a specific time. On July 14, 2015, the Court issued Lewis an order to show cause why the Court should not recommend that his claims against Smith be dismissed without prejudice

for failure to serve. The Order cautioned Lewis that his failure to respond could result in dismissal of his claims against Smith. Lewis's response was due on August 4, 2015. To date he has not responded.

Accordingly, the Court **RECOMMENDS** that the claims against defendant Theresa Smith be **DISMISSED WITHOUT PREJUDICE** for failure to serve within the time set forth by Federal Rule of Civil Procedure 4(m).

| | |
|---|---|
| Dated: July 13, 2015 | s/Elizabeth A. Stafford |
| Detroit, Michigan | ELIZABETH A. STAFFORD |
| | United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991*); United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991);

2

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be** labeled as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2015.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager