UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAFT R. LEWIS,

    Plaintiff,

Case No. 14-cv-13146
Hon. Matthew F. Leitman

v.

CITY OF ROMULUS *et al.*,

    Defendants.

_____/

**ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF #73);
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #79); AND
(3) GRANTING MOTIONS TO DISMISS (ECF ## 16, 37, AND 52)**

On August 15, 2014, Plaintiff Taft R. Lewis ("Lewis") filed a *pro se* First Amended Complaint against the City of Romulus, the Romulus Police Department, the 34th District Court of Michigan, the Third Circuit Court of Michigan, Carpenter Law, and numerous individual Defendants (the "Defendants"). (*See* ECF #11.) Lewis alleges that the Defendants violated his constitutional rights and caused him emotional distress after he was arrested and prosecuted following a traffic stop in July 2007. (*See id.*) All of the served Defendants[1] filed motions to dismiss Lewis's claims (the "Motions to Dismiss"). (*See* ECF ## 16, 37, 52.)

---

[1] It appears that Lewis never served Defendant Teresa Smith ("Smith") with the Complaint or the First Amended Complaint. On September 2, 2015, the Magistrate Judge issued a Report and Recommendation that the Court dismiss the claims against Smith due to Lewis's failure to serve her (the "Smith R&R"). (*See* ECF # 81.) The Court takes no position on the Smith R&R in this Order, and it will rule on that report and recommendation after the time for filing objections has expired.

1

The assigned Magistrate Judge issued a Report and Recommendation (the "R&R") on July 14, 2015, in which she recommended that the Court grant the Motions to Dismiss. (*See* ECF #73.) Specifically, the Magistrate Judge concluded that all of Lewis's claims against the Defendants were untimely because Lewis filed this action after the applicable statutes of limitations had expired. (*See id.* at 3-5, Pg. ID 450-452.) The Magistrate Judge further determined that Lewis was not entitled to invoke equitable tolling – or any other tolling doctrine – to save any of his time-barred claims. (*See id.* at 5-7, Pg. ID 452-454.)

Lewis has now filed two numbered objections to the R&R (the "Objections"). (*See* ECF #79.) In his first Objection, Lewis argues that the applicable statutes of limitations should be tolled under the "continuing violation doctrine." (*See id.* at 2, Pg. ID 471.) Lewis insists that he is seeking a remedy for an "ongoing constitutional wrong" and that the statutes of limitations should not apply to his claims because "the illegal conduct engaged in by the [D]efendants was continuing from 2006-2011." (*Id.*)

This Objection fails for two reasons. First, Lewis has not alleged a continuing violation *as to him*. In his Objections, Lewis cites to paragraphs 80-83 of his First Amended Complaint as support for his position that Defendants have engaged in an ongoing criminal conspiracy. (*See id.* at 2-3, Pg. ID 471-472.) But these allegations relate to actions Defendants may have allegedly taken against


*other* people, not Lewis. Because any alleged misconduct *as to Lewis* ended before the statutes of limitations expired, Lewis cannot save his claims by relying on the continuing violations doctrine.

Second, and in any event, the Court "must borrow state statutes of limitations and tolling rules in a § 1983 action," *Guy v. Lexington–Fayette Urban Cnty. Gov't*, 488 Fed. App'x 9, 18 (6th Cir. 2012), and the Michigan Supreme Court has held that the continuing violations doctrine "has no continued place in the jurisprudence of this state." *Garg v. Macomb County Community Mental Health Services*, 696 N.W.2d 646, 662 (Mich. 2005). Lewis is therefore not entitled to invoke the continuing violations doctrine.

Lewis also argues in his first numbered objection that "[b]ecause of [Defendants'] actions, [he] was dissuaded from any access to information about his case." (Objections at 3, Pg. ID 472.) But Lewis fails to apply any of his cited case law to the facts of his case and fails to explain why any of the cases he relied upon are relevant. Furthermore, as the Magistrate Judge aptly pointed out in the R&R, Lewis's own allegations in the First Amended Complaint make clear that "Lewis was cognizant of the injuries he alleges with respect to his arrest and prosecution as they were occurring" in July 2007, and he could have ascertained his rights with respect to all of his claims with reasonable diligence but did not. (R&R at 4-5, Pg. ID 451-452.) Lewis's first objection is therefore overruled.

3

In Lewis's second numbered objection, he argues that the Magistrate Judge erred when she held that he could not invoke the doctrine of equitable tolling to toll the statutes of limitations. (*See* Objections at 6-8, Pg. ID 475-477.) The Court disagrees. Just as with his first objection, Lewis fails to apply his string cites of case law to the facts of his particular case. Lewis has done no more than provide authorities that explain what the equitable tolling doctrine is – he has not made any argument as to why the Magistrate Judge erred or why the Court should apply the doctrine here. His objection on this ground is therefore insufficient. *See*, *e.g.*, *Zimmerman v. Cason,* 354 Fed. App'x 228, 230 (6th Cir. 2009) ("[V]ague, general, [and] conclusory objections do[] not meet the requirement of specific objections and [are] tantamount to a complete failure to object").

Moreover, as the Magistrate Judge properly concluded (*see* R&R at 6-7, Pg., ID 453-454), Lewis has not pleaded the facts necessary to invoke the doctrine of equitable tolling – especially given that the Michigan Supreme Court has severely limited, if not completely eliminated, the equitable tolling doctrine Lewis attempts to invoke. *See Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 738 N.W.2d 664, 680 (Mich. 2007); *Chabad–Lubavitch of Michigan v. Schuchman*, 862 N.W.2d 648 (Mich. 2015) (peremptorily reversing Court of Appeals decision

4

applying equitable tolling)[2]. Therefore, the Court overrules Lewis's second objection.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF #73) is **ADOPTED** as the Opinion of this Court, Lewis's Objections to the Report and Recommendation (ECF #79) are **OVERRULED**, and Defendants' Motions to Dismiss (ECF ## 13, 37, 52) are **GRANTED**.

Dated: September 10, 2015

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 10, 2015, by electronic means and/or ordinary mail.

s/Teresa McGovern
in the absence of Holly A. Monda
Case Manager
(313) 234-5113

---

[2] The Court is not making any ruling as to the current viability of equitable tolling under Michigan law. The Court simply concludes that even if equitable tolling does exist under Michigan law, Lewis has not provided any legal support for his argument that the doctrine properly applies here.